UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF THE INTERIOR, et al.<br><br>    Defendants. | Civil Action No. 25-4019 (RBW) |

## ANSWER

Defendants, the United States Department of the Interior and the Bureau of Indian Affairs, by undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Human Rights Defense Center ("Plaintiff") on November 18, 2025.  This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.  Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents.  However, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

1

# INTRODUCTION[1]

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff brings this action under the FOIA, 5 U.S.C. § 552 *et seq*.

## PARTIES, JURISDICTION, VENUE

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Defendants admit that the United States Department of the Interior is an agency of the United States and is subject to the FOIA pursuant to 5 U.S.C. § 552.

4. Defendants admit that the Bureau of Indian Affairs is a component of the Department of the Interior and is subject to the FOIA pursuant to 5 U.S.C. § 552.

5. This paragraph contains Plaintiff's conclusions of law concerning jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA and 28 U.S.C. § 1331.

6. This paragraph contains Plaintiff's conclusions of law concerning venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue over properly asserted FOIA claims lies in this district.

## FACTUAL BACKGROUND

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

---

[1] Unless otherwise stated, for ease of reference, Defendants refer to the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**The FOIA Request – DOI-BIA-2024-000913**

12. Defendants admit that it received from Plaintiff a FOIA request, dated July 11, 2024. The remainder of the paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

13. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

14. Defendants admit that the Department of the Interior reports its settlements and verdict payouts in an annual report to Congress. The remainder of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

15. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence

or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19. Defendants admit that the Bureau of Indian Affairs acknowledged receipt of the request, assigned the request DOI-BIA-2024-000913 and provided its final determination for the request on July 17, 2024. The remainder of the paragraph consists of Plaintiff's characterization of that acknowledgment, to which no response is required. The acknowledgement speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that acknowledgement for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

20. Defendants deny that Plaintiff properly submitted a FOIA request dated July 18, 2024, to the Department of Interior's Office of the Solicitor in accordance with Defendants' FOIA regulations.

21. Defendants admit that Plaintiff submitted an administrative appeal of the Bureau of Indian Affairs' July 17, 2024, determination on August 9, 2024.

22. Defendants admit that they have not sent further correspondence or records to Plaintiff.

### COUNT I
### Violation of 5 U.S.C. § 522(a)(6)(A)(i)
### Failure to Timely Make a Determination
### (against DOI)

Defendants reallege and incorporate by reference all the proceeding paragraphs of this Answer as if fully stated in this paragraph. Additionally, Plaintiff did not number the paragraph of the Complaint that corresponds to this one, so Defendants have done the same for the sake of consistency and to avoid confusion.

23. This paragraph consists of legal conclusions, to which no response is required. To

the extent a response is deemed required, Defendants deny the allegations in this paragraph.

24. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

25. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

26. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

27. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

28. Defendants deny that, as of the filing of the Complaint, the Department of the Interior has not yet provided Plaintiff with a determination on its FOIA request. Plaintiff did not properly submit a FOIA request to the Department of Interior's Office of the Solicitor in accordance with Defendants' FOIA regulations, so no determination was due.

29. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

30. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

**COUNT II**
**Violation of 5 U.S.C. § 522(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for and Release Records**
**(against DOI and BIA)**

Defendants reallege and incorporate by reference all the proceeding paragraphs of this Answer as if fully stated in this paragraph. Additionally, Plaintiff did not number the paragraph of the Complaint that corresponds to this one, so Defendants have done the same for the sake of consistency and to avoid confusion.

31. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

33. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

34. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## COUNT III
### Violation of 5 U.S.C. § 552(a)(4) & (6)
### Failure to Grant Fee Waiver
### (against DOI)

Defendants reallege and incorporate by reference all the proceeding paragraphs of this Answer as if fully stated in this paragraph. Additionally, Plaintiff did not number the paragraph of the Complaint that corresponds to this one, so Defendants have done the same for the sake of consistency and to avoid confusion.

35. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. This paragraph consists of Plaintiff's characterization of its request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

37. This paragraph consists of legal conclusions, to which no response is required. To

the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## REQUESTED RELIEF

This remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendants allege the following additional defenses to the Complaint. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

1. Plaintiff's request fails to comply with the requirements of the FOIA to the extent it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

2. Defendants have exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request.

3. Plaintiff is not entitled to compel production of any record or portion of any record that the FOIA, the Privacy Act, or any other federal law excludes, exempts, or otherwise protects from disclosure.

4. Defendants have not improperly withheld records requested by Plaintiff under the FOIA, to the extent such records exist, as some or all the requested records, or portions thereof, may be exempt from disclosure. 5 U.S.C. § 552(b).

5. Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

6. Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

7. The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under the FOIA.

8. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

9. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). See *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

10. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

[signature on next page]

Dated: January 20, 2026
       Washington, D.C.

JEANINE FERRIS PIRRO
United States Attorney

By:   <u>/s/ Benjamin H. Zieman</u>
       Benjamin H. Zieman
       Assistant United States Attorney
       601 D Street N.W.
       Washington, D.C. 20530
       202-252-2540

*Attorneys for the United States of America*